# <u>Exhibit 1</u>

## SETTLEMENT AGREEMENT AND
## FULL AND FINAL RELEASE OF CLAIMS

This Settlement Agreement and Full and Final Release of Claims ("Agreement") is entered into by and between Sefac, Inc. ("SEFAC") and Brian Baldwin ("BALDWIN"). In this Agreement, SEFAC shall at all times include any and all other related entities, corporations, partnerships and subsidiaries, as well as their respective current and former directors, officers, employees, trustees, partners, successors in interest, insurers, representatives and agents, both in their representative and individual capacities.

## RECITALS

WHEREAS, BALDWIN was an employee of SEFAC; and

WHEREAS, BALDWIN filed a civil complaint with the Hampden County Superior Court (Docket No. 1579CV00385) and SEFAC removed that action to the United States District Court for the District of Massachusetts (Docket No. 15-CV-30120-MGM); and

WHEREAS, the parties desire to resolve this civil action and resolve all matters relating, in any fashion, to BALDWIN's employment and separation therefrom; and

WHEREAS, the parties have agreed to resolve and settle all the disputes and claims that were made in the instant matter and all claims that could have been made by BALDWIN against SEFAC or any party related to or affiliated with SEFAC, arising up to and including the date of execution of this Settlement Agreement (this "Settlement" or this "Agreement");

NOW, THEREFORE, in consideration of the mutual promises contained herein, BALDWIN and SEFAC agree as follows:

## AGREEMENT

1. **Consideration:** In consideration for BALDWIN's execution of this Agreement and his promise to be bound by the terms of this Agreement, SEFAC agrees to pay the gross amount of Sixty Four Thousand Five Hundred Dollars and Zero Cents ($64,500.00) in full settlement of all disputes ("Settlement Amount"). The Settlement Amount shall be payable within twenty-one (21) calendar days following the latest to occur of: (1) the receipt by SEFAC of a completed W-4 Form from BALDWIN; (2) the execution of this Agreement by both parties; and (3) Court approval of this Agreement. Following the satisfaction of these contingencies, the Settlement Amount will be paid within twenty-one (21) calendar days as follows:

A. SEFAC shall issue one check in the amount of Forty Three Thousand Dollars and Zero Cents ($43,000.00) payable to "Brian Baldwin," which represents wages from which applicable taxes and other legally-mandated withholdings will be made. Such payment shall be reported on a Form W-2 to BALDWIN for 2016 in accordance with SEFAC's established tax procedures.

BB

1

SI

B.  SEFAC shall issue one check in the amount of Twenty One Thousand Five Hundred Dollars and Zero Cents ($21,500.00) payable to "Connor, Morneau and Olin, LLP, attorneys for Brian Baldwin" as payment for BALDWIN's attorneys' fees and costs. Such payment shall be reported on a Form 1099 to Connor, Morneau and Olin, LLP for 2016 in accordance with SEFAC's established tax procedures.

BALDWIN is solely responsible for the payment of any taxes owed as a consequence of this Settlement Amount, and should such payments or any portion thereof at any time have a tax, penalty, or interest imposed thereon owed by him, BALDWIN will be responsible for the payment thereof.

It is acknowledged and agreed that this payment exceeds anything owed to BALDWIN and constitutes good and lawful consideration in support of this Agreement. The payment constitutes full and complete payment of any compensation and other remuneration that BALDWIN may otherwise have been entitled to receive as an employee of SEFAC.

2. **Full And Final Release Of Claims:**  In exchange for the Consideration described above, BALDWIN, for himself, his heirs, beneficiaries, devisees, executors, administrators, attorneys, personal representatives, and assigns, does hereby forever release and discharge SEFAC, which shall include all its past, present, or future parent, affiliated, related and/or subsidiary entities, including, all past, present, or future directors, shareholders, officers, managers, employees, agents, attorneys, insurance carriers, and representatives of such entities (collectively, "Releasees") from any and all claims, debts, demands, accounts, judgments, rights, causes of action, damages, costs, charges, complaints, obligations, promises, agreements, controversies, suits, expenses, compensation, responsibility and liability of every kind and character whatsoever (including attorneys' fees and costs) (hereinafter collectively referred to as "claims"), whether in law or equity and whether or not known, asserted, or suspected, which BALDWIN has or may have against SEFAC, from the beginning of time up to and including the date of execution of this Agreement, including, but not limited to, any and all claims for breach of express or implied contract or covenant of good faith and fair dealing, all claims for retaliation or violation of public policy, all claims arising under Massachusetts' anti-harassment and anti-discrimination in employment laws; the Massachusetts Civil Rights Act; Title VII of the Civil Rights Act of 1964, as amended; the Age Discrimination in Employment Act; the Americans with Disabilities Act; the Fair Labor Standards Act; the Family and Medical Leave Act; all claims for nonpayment of wages under state and federal laws, including, but not limited to, the Massachusetts' Weekly Payment of Wages Act and Massachusetts Overtime Act, and claims for employee benefits; all claims under the Workers' Compensation Act; or other federal, state, or local laws relating to employment or benefits associated with employment, claims for emotional distress, mental anguish, personal injury, loss of consortium, any and all claims that may be asserted on BALDWIN's behalf by others, as well as any and all claims that were asserted or that could have been asserted, excepting only any vested rights under the terms of any pension or retirement applicable to BALDWIN. This waiver does not include rights and claims that may arise after the date of this Agreement.

This release does not include any claim that, as a matter of law, cannot be released by private agreement. Notwithstanding the foregoing, with respect to any claim that cannot be

BB

2

SI

released by private agreement, and with respect to any charge filed with a governmental agency, BALDWIN agrees to release and waive his right (if any) to any monetary damages or other recovery as to such claims, including attorneys' fees, to the fullest extent permitted by law, including any claims brought on BALDWIN's behalf, either individually or as part of a collective or class action, by any governmental agency or other third party, including, but not limited to, the U.S. Equal Employment Opportunity Commission, or any other federal, state or local governmental agency or department.

3.   **No Lawsuits or Claims:**  BALDWIN waives the rights and claims set forth above, and agrees not to institute, or have instituted, a lawsuit against SEFAC based on any such claims or rights.

BALDWIN specifically acknowledges that this Agreement releases SEFAC from liability for any alleged discrimination and/or harassment that could be the subject matter of any charge BALDWIN has filed or may subsequently file against SEFAC with the U.S. Equal Employment Opportunity Commission or any other agency.  BALDWIN further acknowledges and agrees that, with respect to the rights and claims he is waiving, he is waiving not only his right to recover in any action he might commence, but also his right to recover in any action brought on his behalf by any other party, including, but not limited to, the U.S. Equal Employment Opportunity Commission, or any other federal, state or local governmental agency or department.

4.   **Court Approval; Dismissal of Action with Prejudice:**  It is expressly agreed and understood that the performance of SEFAC's obligations under this Agreement is contingent upon the express approval of this Agreement by the Court, without material modification, and the complete dismissal of the Action in its entirety and with prejudice.  To that end, BALDWIN and SEFAC agree as follows:

A.   Within ten (10) days of BALDWIN's execution of this Agreement, counsel for SEFAC shall provide to counsel for BALDWIN a draft of a joint motion requesting Court approval of the terms of this settlement as set forth in this Agreement and a joint motion requesting permission to file the Motion for Approval under seal (together: "Joint Motions").

B.   BALDWIN and SEFAC, through their attorneys, shall attempt in good faith to resolve any disagreement among them regarding the form or content of the Joint Motions.  If they are unable to resolve any such dispute despite their good faith efforts to do so, the dispute shall be referred to the Court for resolution in such a manner as to maintain the confidentiality of this Agreement to the greatest extent possible, consistent with Paragraph 5 of this Agreement.

C.   Promptly after BALDWIN and SEFAC reach agreement on the form and content of the Joint Motions, or obtain resolution of any dispute from the Court, counsel for SEFAC shall file the Joint Motion to Seal with the Court.  Promptly after the Court


BB

3

SI

grants the Joint Motion to Seal, counsel for SEFAC shall file the Joint Motion for Approval with the Court under seal.

D. In the event that the Court does not grant the Joint Motion to Seal, counsel for SEFAC shall file the Joint Motion for Approval with the Court. However, it will not be filed under seal.

E. If the court declares that any term or provision hereof other than the total Settlement Amount, is invalid, void, unreasonable or unenforceable, the parties agree to reduce the scope, duration, area or applicability of the term or provision, to delete specific words or phrases, or to replace any invalid, void or unenforceable term or provision with a term or provision that is valid and enforceable and that comes closest to expressing the original intention of the invalid or unenforceable term or provision. If the court declares the Settlement Amount is insufficient, this Agreement is null and void.

F. BALDWIN agrees to take all actions and to file all documents as may be necessary to dismiss the Action in its entirety and with prejudice within ten (10) days of receipt of the Settlement Amount.

5. **Mutual Confidentiality Agreement:** BALDWIN and SEFAC acknowledge that the confidentiality of the settlement, the existence of this Agreement, and the terms of this Agreement are of the utmost importance to both parties. Accordingly, both parties:

A. Acknowledge and state that they have not disclosed to anyone other than their attorney(s), those present at the mediation, their insurer, the Court, and BALDWIN's spouse that they have entered into a Settlement with the other party;

B. Further agree that they will not disclose to anyone other than their lawyers, those present at the mediation, accountants, income tax preparers, auditors, lenders (if any) insurers/reinsurers (if any), and BALDWIN's spouse ("Recipients") that they have entered into this Agreement and any terms of this agreement except: (1) upon written approval by the other party; (2) if ordered by court or (3) if otherwise compelled by law.

C. If either party is required to disclose or does disclose any of the terms of this Agreement, they agree that the Recipients shall be informed of the confidential nature of the information and require that the person receiving the information will maintain its confidentiality and the parties will direct those persons not to discuss the terms and conditions of this Agreement with any other person. BALDWIN and/or SEFAC shall be fully and completely responsible for any breach of this confidentiality provision by anyone to whom they have disclosed the existence or terms of this Agreement.

BB

4

SI

D. It is understood and agreed that any breach of this provision will constitute a material breach of this Agreement.

E. Notwithstanding the foregoing, this Agreement may be used as evidence in any subsequent proceeding alleging a breach of this Agreement.

6. **Mutual Non-Disparagement:** BALDWIN and SEFAC agree that they will engage in no conduct which is either intended to or could reasonably be expected to harm the other and further agree that they will not take any action, legal or otherwise, which might embarrass, harass, or adversely affect the other, or which might in any way work to the other's detriment whether directly or indirectly. In particular and by way of illustration not limitation, BALDWIN and SEFAC agree that they will not directly or indirectly contact the press or media, any federal, state, or local governmental agency, officers, managers or employees, customers, or any entity that has a business relationship with the other, in order to disparage the good morale or business reputation of the other or any of their employees.

7. **No Admission:** BALDWIN understands that SEFAC expressly denies any wrongdoing and any liability in connection with his employment and that settlement of these claims is the compromise of disputed claims; and that the Complaint was settled by SEFAC to avoid the expense and inconvenience of litigation.

8. **Choice of Law and Venue:** This Agreement shall in all respects be interpreted, enforced, governed, and construed by and under the laws of the state of Massachusetts, without regard to its conflict of law's provisions except when such law is preempted by federal law.

9. **Representations and Warranties:** BALDWIN warrants and represents to SEFAC that he has not assigned or transferred, or purported to assign or transfer to any person or organization, any matter included in the release and waiver of claims, or any part or portion thereof.

10. **Consultation with Attorney:** BALDWIN acknowledges that he has been advised to consult an attorney of his own choosing in connection with this Settlement Agreement and has in fact consulted with his attorney regarding this Agreement; that he has carefully read the Agreement; that his attorney has explained the significance of this Agreement; and that he executes this Agreement as his own free act and deed knowing that it prevents him from pursuing legal action against SEFAC and its past, present, or future parent, affiliated, related and/or subsidiary entities.

11. **Complete Agreement of the Parties:** This Agreement is intended by the parties as a final expression of their agreement and as a complete and exclusive expression of its terms. This Agreement, which shall be deemed to be a contract under seal, shall supersede all prior discussions, promises, representations, or understandings, oral and written, among the parties in connection with the subject matter hereof. This Agreement may be modified only by a writing signed by all of the parties.

BB

5

SI

12. **Severability:** If any portion of this Agreement is void or deemed unenforceable for any reason, the unenforceable portion shall be deemed severed from the remaining portions of this Agreement which shall otherwise remain in full force and effect.

14. **Entire Agreement:** The parties acknowledge that in executing this Agreement, they have not relied upon any representation or statement not set forth herein with regard to the subject matter, basis, or effect of this Agreement.

15. **Counterparts:** This Agreement may be executed in counterparts, each of which shall constitute one and the same instrument.

16. **Specific Waiver of ADEA Claims: 21 Days to Consider and 7 Days to Revoke:** BALDWIN understands and acknowledges that the Full and Final Release of Claims in this Agreement includes a release and waiver of any rights he has or may have had under the Age Discrimination in Employment Act of 1967 ("ADEA"), as amended. Such release will bar him from bringing any claim alleging that he was subject to age discrimination in violation of the ADEA. BALDWIN acknowledges that he has been given twenty-one (21) days to consider the terms of this Agreement and that any changes that may be made to the terms of this Agreement, whether material or immaterial, will not restart the twenty-one (21) day period. BALDWIN also acknowledges that if he executes this Agreement before twenty-one (21) days have expired, he does so of his own free will. BALDWIN also acknowledges that he may revoke his signature on this Agreement within seven (7) days from his signature on this Agreement by sending written notification to Amelia J. Holstrom, Esq., Skoler, Abbott & Presser, P.C., One Monarch Place, Suite 2000, Springfield, MA 01144 via certified mail, return receipt requested, or by hand-delivery. ***Said revocation is effective upon receipt. It is understood and agreed that the right to revoke the Agreement is applicable only as to claims brought under the ADEA.*** This Agreement becomes effective eight (8) days after BALDWIN signs it unless revoked. ***Should BALDWIN rescind his waiver and release of claims under the ADEA, SEFAC will have no obligation to pay BALDWIN the payment referenced above in Paragraph 1, and, instead, will be obligated to pay BALDWIN Five Hundred Dollars and Zero Cents ($500.00).***

BALDWIN further agrees that, except insofar as it relates to claims under the ADEA, if he attempts to avoid or set aside the terms of this Agreement after he signs, or if SEFAC successfully asserts this Agreement as a defense or bar to any claim asserted by BALDWIN, BALDWIN shall be liable to SEFAC for costs and reasonable attorneys' fees in defending such claims or asserting such defense based on this Agreement, to the extent allowed by law.

WHEREFORE, BALDWIN by his signature below and by his initials affixed to each page of this Agreement, and SEFAC, by their authorized signature below and their initials affixed to each page of this Agreement, accept and agree to the terms and provisions of this Agreement and further acknowledge that there exists no other promises, representations, or agreements relating to this settlement, except as specifically set forth herein.


BB

6

*SI*

Dated: 3-17-16

Brian Baldwin

For Sefac, Inc.

Dated: 4/7/16

By: Allister Collings
Its: President

BB

SI